Dear Senator Coffee,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
1. Must an inventory of county property include equipmentpurchased and provided by the Administrative Director of theCourts for the Oklahoma Court Information System and furnished tothe district court clerks, pursuant to 19 O.S. 2001, § 178.1[19-178.1]?
2. When district court clerks have been furnished equipment,purchased by the Administrative Director of the Courts for theOklahoma Court Information System, does the Court InformationSystem retain legal ownership of the equipment?
¶ 1 The Legislature has mandated that all equipment in the custody of a county government in Oklahoma be subject to inventory and accounting: "The board of county commissioners in each county of this state shall take, or cause to be taken, an inventory of all working tools, apparatus, machinery and equipment belonging to the county or leased or otherwise let toit or to any department thereof, . . . and thereafter maintain or cause to be maintained a continuous inventory record thereof and of like tools, apparatus, machinery and equipment purchased,leased or otherwise coming into the custody of the county or ofany office, board, department, commission or any or eitherthereof. . . ." 19 O.S. 2001, § 178.1[19-178.1]. All county officers are required to cooperate in the inventory process. Id. § 178.2. A similar inventory requirement for State property is found in 74 O.S. 2001, § 88.1[74-88.1].
¶ 2 The Oklahoma Constitution and the Legislature have designated district court clerks as county officers. Okla. Const. art. XVII, § 2; see 19 O.S. 2001, § 131[19-131] (A), (D). Oklahoma common law has consistently designated district court clerks as officers of the court, and the Supreme Court has concluded that they are judicial personnel, subject to the control of the courts. Petuskey v. Cannon, 742 P.2d 1117, 1120 (Okla. 1987).
¶ 3 Your request arises out of legislation enacted in 1994 that directed the Oklahoma Supreme Court, through the Administrative Director of the Courts, to "establish a court information system . . . for the purpose of providing data processing services to state agencies, boards, and commissions and other entities pursuant to contract." 20 O.S. 2001, § 1315[20-1315] (A)(1). The system was designated the Oklahoma Court Information System ("O.C.I.S."). Id. The Administrative Director was permitted to assess a fee for the use of the system, and the State's court clerks and judges of the district court were directed to "utilize the case tracking, accounting, legal research, and other services" that it offered. Id. § 1315(A)(2).
¶ 4 The legislation also created a revolving fund in the State Treasury, the "Oklahoma Court Information System Revolving Fund," for all monies received from entities that utilized the system, and authorized the Supreme Court to use those funds "for the acquisition, operation, maintenance, repair, and replacement of data processing equipment and software." Id. § 1315(B).
¶ 5 In 1997, the Court adopted several rules that addressed the issue of furnishing equipment to district courts for the O.C.I.S. The purpose of the rules is to provide "a uniform method for acquiring and maintaining equipment and services necessary for the O.C.I.S." 20 O.S. 2001, ch. 18, app. 2, R. 1. Rule 3 mandates: "District Courts shall pay the Oklahoma Court Information System the installation, operation, maintenance, repair, and access costs for its services. The funds shall be paid from the court fund of the District Court to the Administrative Director of the Courts, and those funds shall be deposited in the Oklahoma Court Information System Revolving Fund."Id. ch. 18, app. 2, R. 3. The following rule addresses the acquisition of the equipment and software needed for the O.C.I.S: "The Administrative Director shall, upon approval of the Chief Justice, acquire, operate, maintain, repair and replace, equipment and software necessary to install, operate, and maintain the Oklahoma Court Information System. The Administrative Director of the Courts may jointly acquire, maintain, and operate equipment for two or more district courts or district court clerks, and dispose of surplus property acquired from local court funds."Id. ch. 18, app. 2, R. 4 (citation omitted).
¶ 6 In 1999, the Oklahoma Supreme Court issued an administrative order (Rule 3, Rules For Management of the Court Information System (SCAD No. 99-24) (May 4, 1999)), signed by the Chief Justice that directs in pertinent part: "Upon the installation of the OCIS Network and connection to it, each of the District Courts of Oklahoma shall pay the sum of $1720.00 per PC located in their offices on an annual basis. Additional PCs, maintenance, network management, upgrade, and replacement of equipment shall become the responsibility of the MIS [Management Information System] Department of the Supreme Court of Oklahoma."Id. at Exhibit A ¶ 1. There is no indication that the Supreme Court intended for the equipment to become the property of the court clerks.
¶ 7 Since the equipment in question is the property of the O.C.I.S., the district court clerks are not its legal owners. Yet, since it is in their custody, they are responsible for including it in the inventory of county property in accordance with 19 O.S. 2001, § 178.1[19-178.1].
 ¶ 8 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. The district court clerks are responsible for maintainingan inventory of equipment that has been furnished to them by theAdministrative Director of the Courts for the Oklahoma CourtInformation System, pursuant to 19 O.S. 2001, § 178.1[19-178.1].
 2. The Oklahoma Court Information System retains ownership ofthe equipment that it has placed in district court clerks'offices in accordance with 20 O.S. 2001, § 1315[20-1315].
W.A. DREW EDMONDSON Attorney General of Oklahoma
WILLIAM F. O'BRIEN Assistant Attorney General